STACIA CULLEN, as Administratrix, etc., Appellant, v. FREDERICK O. NORTON, Respondent.

*N. Y. Supreme Court, Third Department, General Term, May,* 27, 1889.

*Negligence. Question of fact.*—In an action to recover for the alleged negligence of defendant, where the place in which the servant is put to work is dangerous, not only because his fellow-servants higher up on the wall may be careless, but also in spite of their utmost care, and where the jury may find that the injury was due to the place, and not to the carelessness of the workmen, the case should be submitted to them.

Motion for reargument by defendant.

See 52 Hun, 9, for report of case on appeal, and statement of facts.

*J. N. Fiero,* for motion.

*D. M. De Witt,* opposed.

LANDON, J.—Hussey v. Coger (21 N. Y. State Rep. 848) is a case in which the place where the plaintiff's intestate worked was made dangerous only because of the negligence of his fellow-workman above him. The hatch fell because a workman, who ought to have taken hold of one corner of it neglected to do so. The injury, therefore, resulted primarily from the negligence of fellow-workmen. In the case at bar, the explosion may have resulted solely from the negligence of the defendant's workman employed in drilling near the unexploded hole, or from the concussion caused by the drilling, irrespective of any negligence of a workman, or from the sparks flying from the steam drill. It would be for the jury to say whether the negligence of the workmen was the sole cause of the explosion.

In Roach v. Jackson Architectural Works (14 N. Y. State Rep. 583) the injury resulted from the careless manner in

which a shoe under the derrick was placed.  The act of placing it was servants' work, no matter by whom performed.  Here the place where the plaintiff's intestate was put to work was dangerous, not only because the servants higher up on the wall might be careless, but also in spite of their utmost care; and as the jury might have found the injury was due to the place, and not to the carelessness of the workmen, the case should have been submitted to them.

The defendant urges that he cannot safely appeal to the court of appeals.  We, of course, cannot state what the practice of that court is.  But as we simply hold that the case ought to have been submitted to the jury, we decide no question of fact, and an appeal to the court of appeals will be unembarrassed by such a question.  Reargument denied.

LEARNED, P. J., and INGALLS, J., concur.